**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Health Information Services, Inc., et al., | No. CV-06-2181-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| DigiStor, Inc., et al., | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 18), plaintiffs' response (doc. 25), and defendants' reply (doc. 27).

Health Information Services, Inc. ("HIS") is a provider of medical records processing services. On June 28, 2006, pursuant to a stock purchase agreement ("Agreement"), plaintiffs Frank Yaconis and Barry Neel paid defendant Vincent Burr approximately $1.3 million for all the issued and outstanding shares of HIS stock. On September 11, 2006, plaintiffs filed a complaint, seeking injunctive and monetary relief, whereby HIS individually alleges, <u>inter alia</u>, state and federal copyright and trademark infringement, unfair competition, breach of contract, and breach of fiduciary duty. In count six, individual plaintiffs Yaconis and Neel allege that defendant Burr breached the Agreement's non-compete clause.

On October 6, 2006, we issued a stipulated permanent injunction (doc. 15) in which we (1) enjoined defendants from using HIS proprietary software, customer contact

information, or trademarks; (2) ordered defendants to return to HIS and delete from their system all versions of the MONETA software; (3) ordered defendants to immediately return all HIS customer contact information; (4) enjoined defendants from competing with HIS; (5) ordered defendants to file with the court a notice specifying the measures undertaken to comply with our order; and (6) informed the defendants that any violation of the order will subject them to contempt of court.

Defendants have now filed a motion to dismiss the complaint, alleging that an arbitration clause in the Agreement deprives us of jurisdiction over this action. The Agreement provides:

> 12.4 <u>Arbitration.</u>  After the transaction closes, in the event of any dispute arising between and/or among Purchaser, Seller and/or Broker or its agents, with respect to or arising from any of the transactions set forth in this Agreement, including, but not limited to, disputes relating to representations, warranties, covenants, contract construction, jurisdiction or payment obligations, it is agreed that the matter shall be submitted to binding arbitration in accordance with the rules of the American Arbitration Association then prevailing except that actions limited to injunctive relief only are reserved unto the courts.

<u>Complaint</u>, Exhibit B at 15.

Defendants assert that as a result of the parties' stipulation to a permanent injunction, the remaining counts in the complaint arise solely from the Agreement and as such must be arbitrated. Plaintiffs argue that the arbitration provision does not apply because the only claims remaining after the granting of injunctive relief are asserted by HIS individually, and because HIS is not a party to the Agreement, it is not bound by its terms, including the arbitration provision.

We start with the well established principle that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>United Steelworkers v. Warrior & Gulf Navigation, Co.</u>, 363 U.S. 574, 582, 80 S. Ct. 1347, 1353 (1960). The parties agree that the granting of injunctive relief mooted count six, the only count asserted by Yaconis and Neel. The remaining claims are asserted only by HIS. Defendants contend that HIS is bound by the Agreement because "it signed the Agreement and because of the substantive covenants set forth therein." <u>Reply</u> at 3.

First, the only parties to the agreement are Yaconis and Neel, described as "Purchaser," and Burr, described as "Seller." Complaint, Exhibit B at 1. The designation of Seller as "Health Information Services, Inc." on the signature page of the Agreement, id. at 19, is clearly a mistake given the express identification of "Seller" as "Vincent J. Burr" on pages 1 and 16 of the Agreement. An inconsistent identification of the Seller on the signature line of a contract prepared by defendants is an insufficient basis upon which to conclude that HIS is a party to the Agreement.

Second, defendants rely on Part V of the Agreement, entitled "Covenants of the Seller," wherein the Seller covenants that "except as otherwise agreed to in writing by Purchaser, and the Company that the Company makes no representations or warranties regarding this transaction except as may be set forth [in the Agreement]. Id. at 9. A covenant by the Seller regarding representations by the Company is insufficient to bind the Company to the terms of the Agreement.

Therefore, based on the foregoing, we conclude that HIS is not a party bound by the Agreement, and the arbitration clause does not preclude this action.

**IT IS ORDERED DENYING** defendants' motion to dismiss (doc. 18). **IT IS FURTHER ORDERED** that pursuant to the parties' agreement, count six has been mooted by the stipulated injunction.

DATED this 9th day of January, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge