**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Health Information Services, Inc., et al., ) | No. CV-06-2181-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| DigiStor, Inc., et al., ) | |
| Defendants. ) | |

The court has before it plaintiffs' motion for civil contempt (doc. 19), defendants' response (doc. 23), and plaintiffs' reply (doc. 26). Plaintiffs argue that defendants are in contempt of the permanent injunction entered by this court on October 6, 2006 (doc. 15), due to (1) defendants' failure to transfer to Health Information Services, Inc. ("HIS") the ACT! customer management software and database, and other business and customer records; (2) defendants' provision of medical records processing services in competition with HIS; and (3) defendants' failure to file with the court a notice specifying the measures taken to comply with the permanent injunction.[1]  We held an evidentiary hearing on this motion on January 17, 2007, and we now make our findings of fact and conclusions of law.

---

[1] We note that in response to plaintiffs' motion for contempt, defendants have now filed a notice with the court outlining steps they have taken to comply with the permanent injunction. We therefore conclude that defendants have complied, albeit belatedly, with our order.

1         At the hearing, plaintiffs presented competent evidence establishing that defendant
2 Vincent Burr told Frank Yaconis and Barry Neel, prior to the consummation of the stock
3 purchase agreement, that he would provide them with a copy of the ACT! database.  He
4 showed Yaconis and Neel a copy of the software box so that they could purchase the
5 necessary software in order to receive the transfer of the ACT! database information. Instead
6 of transferring the database information, Burr created an Excel spreadsheet containing what
7 he believed to be all the relevant HIS information from the ACT! database.  See Exhibit 2.
8 Exhibit 2 contains only customer names, phone numbers, and in some cases addresses.  But
9 Mr. Burr's letter dated August 15, 2006, Exhibit 6, describes the ACT! database as containing
10 an extensive "tracking log of . . . contacts and customers," as well as "potential customers."
11 Id.  Tricia Standley testified that the ACT! database contains customer contacts, director
12 notes, customer history, and information about events, such as site visits.  Based on this
13 evidence, it is doubtful that Exhibit 2 includes all the HIS information contained in the ACT!
14 database.

15         Plaintiffs also contend that defendants have not turned over additional HIS customer
16 and business records as required by the permanent injunction.  They claim they have not
17 received expired customer contracts, information on former HIS employees, and the source
18 code for the original version of the Moneta software.  Tricia Standley testified that, in
19 preparation for the sale of HIS, Mr. Burr instructed her to produce copies of current contracts
20 and information only.

21         The evidence presented at the hearing is insufficient to establish by clear and
22 convincing evidence that defendants have violated the permanent injunction by failing to turn
23 over all HIS customer and business records, and therefore we deny plaintiffs' motion on this
24 basis. See Balla v. Idaho State Bd. of Corrs., 869 F.2d 461, 466 (9th Cir. 1989) (holding that
25 proof for civil contempt must be clear and convincing).  Nevertheless, at least an issue of fact
26 remains as to whether defendants have complied with the injunction.  Therefore, no later than
27 February 9, 2007, defendants shall produce for joint inspection by the parties and their
28 lawyers the ACT! database currently in their possession, for the purpose of determining

whether the database contains additional HIS information. Plaintiffs may also elect to retain an IT expert to review the database to determine whether any relevant information has been deleted from the files. In addition, plaintiffs are permitted to immediately serve on defendants a request for production of documents to determine whether they have received all of HIS' customer and business records.

Plaintiffs also contend that defendants have violated the permanent injunction by providing services in competition with HIS. They refer to one instance where HIS employee, Carol Heimbach, saw a DigiStor employee working on a computer in the medical records department of the Mayo Clinic. However, she did not specifically identify the nature of his work. This is insufficient to establish by clear and convincing evidence that this work constituted competition with HIS in violation of the permanent injunction.

Based on the foregoing, **IT IS ORDERED DENYING** plaintiffs' motion for contempt (doc. 19), without prejudice to plaintiffs' right to renew the motion in the future. In addition, it is ORDERED that defendants shall, no later than February 9, 2007, produce for joint inspection by the parties, their lawyers and plaintiffs' IT expert the ACT! database currently in their possession. Further, plaintiffs are permitted to immediately serve on defendants a request for production of documents to determine whether they have received all of HIS's customer and business records.

DATED this 1st day of February, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge