**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Health Information Services, Inc., et al., ) | No. CV-06-2181-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| DigiStor, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it plaintiffs' second motion for civil contempt (doc. 39), defendants' response (doc. 42), and plaintiffs' reply (doc. 43). We also have before us defendants' unopposed motion for leave to file a sur-reply (doc. 45), and the proposed sur-reply (doc. 46).

On February 1, 2007, we entered an order denying plaintiffs' first motion for civil contempt, and ordering that defendants' "shall, no later than February 9, 2007, produce for joint inspection by the parties, their lawyers and plaintiffs' IT expert the ACT! database currently in their possession." Order at 3 (doc. 38). Plaintiffs now move for civil contempt on the ground that defendants failed to produce the ACT! database as required by this court's order. In response to the motion, defendants' attorney, James MacKinlay, states that he wrote a letter to plaintiffs' counsel on February 2, 2007, offering to make available the ACT! database. On February 12, 2007, after plaintiffs' motion for contempt was filed, Mr.

1  MacKinlay discovered that the letter was inadvertently never mailed. Defendants took no
2  other action to comply with our order. Thereafter, defendants offered to produce only a
3  redacted version of the ACT! database, clearly not in compliance with the order. Ultimately,
4  on February 20, 2007, defendants made available for plaintiffs' inspection an unredacted
5  copy of the database, containing customer information that had not previously been disclosed
6  to plaintiffs.

7  It appears that defendants are engaging in a pattern of obstructing plaintiffs' efforts
8  to obtain customer and business information to which they are lawfully entitled. It is not
9  enough that defendants' counsel wrote a letter offering to produce the database, then
10 inadvertently failed to send it. By virtue of our order, the burden was on defendants to
11 ensure that the database was produced no later than February 9th. Their failure to do so was
12 a violation of our February 1, 2007 order.

13 Moreover, following an evidentiary hearing, we concluded that "plaintiffs presented
14 competent evidence establishing that defendant Vincent Burr told Frank Yaconis and Barry
15 Neel, prior to the consummation of the stock purchase agreement, that he would provide
16 them with a copy of the ACT! database." Order at 2 (doc. 38). The evidence established
17 that Burr showed Yaconis and Neel a copy of the software box so that they could purchase
18 the necessary software in order to receive the transfer of the database information. Id.
19 Plaintiffs now assert that their inspection revealed that the database contains 1,900 customer
20 contacts, including numerous historical contacts made to existing HIS customers and
21 prospective customers that were not previously disclosed. Defendants' failure to previously
22 disclose this information is a violation of the October 10, 2006 permanent injunction (doc.
23 15).

24 Therefore, **IT IS ORDERED GRANTING** plaintiffs' motion for civil contempt (doc.
25 39). Defendants shall pay all costs, expenses and attorney's fees that plaintiffs incurred in
26 prosecuting this motion and in attending the February 20, 2007 meeting. Further, defendants
27 are hereby ordered to produce to plaintiffs no later than March 23, 2007, an unredacted copy
28

1  of the ACT! database for the purpose of transferring the database information to plaintiffs'
2  software.
3      **IT IS FURTHER ORDERED GRANTING** defendants' motion to file a sur-reply
4  (doc. 45).
5      DATED this 16th day of March, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge